## H. J. POOR *v.* ANN HUDSON.

[Abstract Kentucky Law Reporter, Vol. 4—349.]

**Joint Execution on Two Bonds.**

Where there are two bonds executed for the purchase-money upon sale of land at sheriff's sale and both bonds are due and executed by the same parties and payable to the same person, one execution may be executed on both for the entire amount due.

**Validity of Deed Made to a Person Individually Instead of Being Made to Her as Administratrix.**

A deed of the sheriff to a person in her individual capacity on an execution issued in a proceeding in which as administratrix she is plaintiff is not invalid for that reason and the question as to whether she thereby held as trustee is one that can not arise between her and persons not interested in the estate.

### APPEAL FROM GRANT CIRCUIT COURT.

October 17, 1882.

OPINION BY JUDGE PRYOR:

The right of the appellee to recover the land in controversy is based on the deed made to her by the sheriff of Grant County in the year 1879. It seems that one Lewis Myers purchased at a sale made under a judgment in an action in equity a tract of land for the sum of $2,111.50 and for the purchase-money executed his two bonds, one payable in six and the other in twelve months. The sale was confirmed and, Myers failing to pay the purchase-money,

an execution was issued on the bonds from the clerk's office of the Pendleton Circuit Court, and delivered to the sheriff of Grant County. He levied the execution on a tract of land belonging to Myers and sold it for $1,000 and returned his execution.

Another *fi. fa.* issued on the bonds with a credit entered of the amount realized from the first sale, and on the 20th of January, 1874, was levied by the same sheriff on a tract of fifty acres of land belonging to Myers with a proper description of the land made on the return evidencing the levy. In July, 1874, the sheriff sold the fifty acres of land and it was purchased by the attorney of the plaintiff for $600, and in May, 1876, the sheriff made to Mrs. Hudson, the appellee, a deed to the land.

In the spring of 1875, after the levy and sale of the land under the execution, the owner, Lewis Myers, sold and conveyed the land to the appellant, Poor, who entered into the possession under his purchase without notice of the execution sale. The validity of the judgment upon which the sale was made and the bonds of Myers executed is not questioned, and Myers when ruled to pay the purchase-money consented that execution should issue on the bonds. It is agreed by counsel for the appellant that the execution is invalid because it issued for the aggregate amount of the two bonds, and that an execution should have been issued on each bond. The case of *Merchie v. Gaines,* 5 B. Mon. (Ky.) 126, is relied on in support of the position taken. There the execution issued on two separate judgments and from the record it appears that the execution was for costs, for a part of which one Bristow was liable and for the balance one Fowler. Fowler's land was sold under the execution and probably for Bristow's costs. The court in the opinion says: "We know of no law or rule or practice which authorize a joint execution upon two separate judgments." This is doubtless the correct rule, but here in an action in equity the party is proceeding against the purchaser for failing to comply with his bonds and pay the purchase-money. There was but one judgment, one sale, and the execution of the two bonds for the purchase-money. Both bonds were due and we perceive no reason why the execution was not properly issued for the entire amount. The court would and did require, in effect, the purchaser by the rule to pay into court the aggregate amount of both bonds and, failing to pay, the execution was issued for the entire amount of the indebtedness and interest. In this we perceive no error. The

slight discrepancy as to the amount (being only fifty cents) and that being less than the party owed, does not invalidate the sale. They were the same plaintiffs and the same defendants and the execution issued at the same term on bonds due for the purchase-money of the same land. We do not regard this as an irregularity even in an equitable proceeding to enforce the payment of bonds executed by the purchaser. The bonds were payable to the master and the executions issued in his name. During the progress of the trial the appellee offered as part of the record the written surrender by the owner, Myers, of this land for sale under the execution. The *fi. fa.* was not issued until in 1874, and the surrender was dated June, 1873, and if the date is correct the surrender was before there was any execution. The appellee offered to prove by the sheriff that it should have been dated June, 1874, instead of June, 1873, and this proof was admitted, of which appellant complains. We see no objection to the evidence and in fact the papers connected with the return, sale, etc., show the mistake regardless of the proof, and besides the sheriff returns that he levied on this land, so without the surrender the levy was good. It is also insisted that the deed is invalid because it was made to Ann Hudson individually and not to her as administratrix. The record shows that the plaintiff purchased the land under the execution and although Ann Hudson was seeking the recovery as administratrix, the deed was made to her because she in fact purchased it. Whether she holds in trust for the heirs is not a question to be raised here. The purchase and sheriff's deed invested her with title. The execution was issued in the name of Rudd, commissioner, and the land bought by the attorney for the plaintiff.

It is again urged that the appellant was a purchaser for value without notice. This equitable principle has never been applied to sales of land under execution, and the purchaser from the execution debtor, prior to the year 1878, bought at his peril. It may be a case of hardship on the part of the appellant as the land was in Grant County and the execution was issued and returned to Pendleton County. The land was clear of any incumbrance in Grant but was in lien by reason of the levy of the execution from Pendleton. By an act passed in 1878 the legislature provided that where a sheriff sold land located in one county under a *fi. fa.* from another county, he should produce the same with his return of sale thereon to the clerk of the county in which the land is for

record. This was intended to give a purchaser notice, but the effect it is to have in the event the sheriff fails to return the execution for record is not necessary to be decided in this case. Here the plaintiff in the execution was not entitled to his deed sooner as the land had not brought more than two-thirds of its value, and to give a lien by reason of the levy and invite the plaintiff or a stranger to make the purchase and then deprive him of his right because the owner has subsequently sold the land to some one else, might also be regarded as inequitable, and in the absence of a statutory provision requiring notice by the recording of the execution and return the appellant can not be regarded in the light of an innocent purchaser. Other questions have been raised going merely to some irregularities in the proceedings that can not affect the sale. See *Million v. Riley,* 1 Dana (Ky.) 359, 25 Am. Dec. 149.

The judgment below is *affirmed.*

*Collins & Fenley, for appellant.*

*E. H. Smith, for appellee.*

[Cited, *Taylor v. United States Bldg. & L. Assn., Assignee,* 110 Ky. 84, 22 Ky. L. 1560, 60 S. W. 927.]